Good morning. I may please the court, my name is Stephen Keist. I represent the plaintiffs below and appellants here in Frederick and Elizabeth Gardner and Bethel Aram Ministries at Church. I would like to reserve two minutes for rebuttal and I'll try to keep my eye on that yellow light. This case is here on appeal from the district court's grant of a motion to dismiss on the pleadings. It looks like the whole deal is did the IRS send the notices? They don't have to be received, they just have to be sent. Correct. Last known address. That's correct. Why isn't there adequate proof that the notices were sent? Let's see, it was 12 v. 6? Yes, correct. Why don't the pleadings leave it that the notices were sent? Well, Judge, the regulations actually require that the hearing be either provided in person to the taxpayer, which nobody's alleged happened here, secondly, left at the taxpayer's last known address, which nobody alleged happened here either, or third, sent by certified mail to the taxpayer's last known address. The service claims they were sent by certified mail. Review of the record in the briefs indicates that their claim is that they sent a notice in, I believe, July of 2003 to Mr. Gardner, and according to their file, it indicates that he received that notice. However, they didn't produce any evidence that he received it. There's no green card produced or any other evidence that it was actually received. Now, it's true, they don't have to prove that it was received. Well, wait a minute, it's 12 v. 6? Correct. So we should just go on the complaint? Well, our position would be that all inferences and facts supported by the complaint should be given due credit. That's what the complainant claims. Were there any concessions or stipulations that let us go beyond the complaint? No, not that I'm aware of, and I was not the lawyer in the trial court. However, this is a jurisdiction case, right? Because if there is no jurisdiction, then we have no case. And on jurisdiction, we're allowed to look at affidavits and testimony, not just limited to the pleadings, correct? That's correct. And the court apparently, it appears that the court did that, in that the motion had attached to it some declarations and some documents, which included the decision letter that the IRS issued after they had what they call the equivalent hearing. And was there objection to considering those things? I don't believe so. Okay, so we should consider them. You can consider them. And I would point out to you that I think that those documents show that, in fact, there is some real issue as to whether proper notice was given. Let's see, one of them says, return to sender, moved, left no address. That? That was the second notice. That's the second notice. I believe in 2004. And that's pretty good for you under Jones. I'm sorry? That's pretty good for you under Jones, I guess. Correct. Let me point out to you what I think the real crucial evidence for the court is. First of all, you'll note that they claim they sent these notices to what they presume, it says in their brief, what they presume was the last known address of the gardeners in Black Canyon City, Arizona. It's a P.O. box. In fact, their own evidence indicates that they knew that the gardeners did not live in Black Canyon City, Arizona anymore because it states right in the equivalent decision that the property had been vacant for several years. And the truth is the gardeners allege that they never received those notices until November of 2004. How would they know that? Was there some letter to them or something that said that? Letter to the IRS? Yes. No, the gardeners had no contact from the IRS until November of 2004. What I'm asking is how did the IRS know the letters didn't get there? How did they know they didn't get there? Well, I think they're on notice because they knew that the property was vacant. They know the property was vacant. I don't know how they knew that, but they claim that they know that. It's set forth in several of their documents. Give me one. It's in their brief. Well, how about evidence? Okay, it's in the decision letter that the judge quoted from in his decision, the district court, which was after the equivalency hearing that the IRS held where it sets forth what all their records show and how they made their decisions. Just give us an excerpt of record page number so we can look at it. I'm sorry, Judge, I don't know that I have that. Well, I guess my worry about this is that there were several different liens that went out to the same address, several different letters, some your clients claim they received. Those were even received after the ones which they claim they didn't receive. Well, I don't know whether they claim they didn't receive them. They claim they say they were just sent to the they don't argue they were sent to the wrong address. They only claim they didn't receive them. So even your clients don't suggest they were sent to the wrong address. I think they do. Show me in anything you've written where your clients say that the letter was sent to the wrong address. I saw a lot about they didn't get them. I saw an argument about they weren't given a return receipt, they didn't produce one, but I didn't see any argument they were sent to the wrong address. Well, I guess maybe that I would have to say that argument is implicit because their complaint says they didn't receive notice until November 15, 2004. Well, it isn't implicit because there are a lot of people who are creditors, especially the IRS, who get a certified receipt knowing they've got a letter sitting there from the IRS and they just don't go get it. True. And they don't want to get it. And so to say it was sent to the wrong address is one thing, but I don't think any place says that. It just says we didn't get it, which they don't have to get it under the statute. It just has to be sent. I believe the argument in the reply brief, and again, I didn't write the briefs, but I believe the argument in the reply brief was that it was not sent to the correct address, that it was the wrong address. If you could put me to that, I'd be glad to see it. The honest truth is this. In both instances of the letters, they were sent to the same address that was sent where we have in the record absolute, your clients have suggested, having been sent to the same address, we got those letters. And some of those are after these letters. Sent to the same address. Every time except on these two occasions, oh, we didn't get it. On those other occasions, I mean, they will admit receiving notices of liens filed at the same address. After these letters went. But then when we come to what these letters are, they say, oh, we didn't get them. And yet I look at the statute and it doesn't say they need to get them. It just says they need to be sent. Now, I look at Wallen v. Commissioner, which is a 1984 case out of our court, and it says when the IRS receives three return letters, they're supposed to do some reasonable diligence in ascertaining the correct address. However, if it is the correct address, why do they need to make ascertainable, why do they need to do something to find it? If it's the one they did and they just don't want to get it, that seems a little uneasy. They've sent them to the right address every time. The statute is pretty clear that the notice of deficiency is valid if it's mailed to the last known address. Even if not received, that's Williams v. IRS, another of our cases. How do I get around that? Well, Judge, I would submit that the evidence isn't clear that they were sent to the last known address. I've got an idea for you. This whole thing is going to turn on whether the letters were sent to the right address or not. I still don't have an excerpts page that shows that they weren't. You might want to take some rebuttal time and find the excerpts page number so you can tell us in rebuttal where the evidence is that they were not sent to the right address. Okay. Judge, I would also point out, and that may be what Justice Mills alluded to, that the IRS does have an obligation to determine if they have the correct last known address. They can't just rely on whatever documentation they have. It's your choice if you want to give up the opportunity to give us an excerpts page number. Judge, I don't even have the excerpt of record here. No kidding. I would point out the IRS regulations themselves provide that they are required to update the taxpayer addresses maintaining their records by referring to the United States Postal Service. Look, I'll be frank with you. I couldn't find anything that showed they didn't send it to the right address, except that second notice that said move left no forwarding address. But there's no evidence. I don't have anything on the first notice. They sent it to the right address either. Well, I think there is. Because everything except those letters that your clients suggest they received and they responded to. It's only those letters sent to the same address that they say they were not sent to the right address. Their response was in December of 2004. They requested a CDP hearing within 30 days of when they acknowledged receiving the notice. They received the notice on November 15th. I don't think there's anything in the record that indicates that they acknowledged receiving anything prior to that date. Thank you, counsel. Oh, I'm sorry. Did you have another question? No, no. Thank you, counsel. Just I was going to ask him how he can say that based on what they admit to, but that's okay. He hasn't got his record. Counsel. Police Department. My name is Richard Parker. I'm with the Department of Justice Tax Division. I represent the United States in this matter. What I've got, I've got that second letter that says, I think the words were moved, left no forwarding address. That's some evidence that at least that one was sent to the wrong address. I've got another certified mail returned to sender, which really doesn't mean much at all, because a lot of people, as Judge Smith says, when they're having trouble paying their creditors, they know they're going to get bad certified mail and they don't pick it up at the post office. Exactly. Or it's just a nuisance. So what I'd like you to do is tell me the excerpts page numbers that show the IRS sent the letter to the right address. Okay. Well, first of all, let me go through Frederick, which is on page 42 of the excerpts of record. Page 42 of? Page 42 of the excerpts of record. Excerpts? Excerpts. And that's our internal records that will show that the notice was sent and that we read. I just discovered a problem here. I don't have bait stamps on the excerpts. You're not talking about the supplementals, are you? I got some tabs on things I found, but no bait stamps. Supplemental. I'm sorry. I'm sorry. It's our supplemental. That's what I suspected. Okay. Show me. And that's our certificate of assessments and payments. At page 42, did he say? Page 42 of the supplemental. And that's where, if you look in the middle, it says that the intent to levy collection, there was a return receipt that was signed. So we have proof that he got actual receipt with respect to Frederick. Do you have the green receipt here in the excerpt? The green receipt was not put into the evidence, to my knowledge. How come? How come we don't have a green receipt? It was not put into evidence, Your Honor. I don't know. I wasn't in trial counsel. I don't care who's trial counsel. I know. You're responsible for arguing the case. Certificates of assessments are acceptable as proof of mailing before the district court. I would argue that that's the only thing we needed to prove. Well, did the IRS at any time have an obligation to investigate the address of the notices sent? Under the regulations, we would, when there is a return receipt, or if there is a change in the postal address, we would have to update it. However, in this situation, again, if you look at page 30 with respect to Elizabeth, it will show the letter was sent to PO Box 952 of the city. And if you look at their complaint in their excerpts of record on page 2, they can see that that is their actual address. Let's see. Look at their complaint and look at page 2 of it. Right, which is their complaint. Okay. And it says PO Box 952 Platt Canyon, Arizona is their address. That's the address that was used for the letter for Elizabeth. Okay, same address as they say in the complaint. Yeah. And if they had responded to this letter by saying we want a hearing on this, that would have gotten them their timely request for hearing? Right. They didn't respond to either. And as we point out, the timing is also interesting because the later deed transaction with the warranty happened on the 19th of July, which is right after they would have gotten that letter. And, again, the notification doesn't indicate why it was sent back, so we can't determine whether it was sent back because they just refused to pick it up or not. Okay. So case comes down to we know from the evidence that this final notice was sent to the address the plaintiffs themselves plead. Right, their last address. And we know that there was no timely request for hearing in response to the letter at SER 30? SER 30, correct. So there's no jurisdiction. You're right, Your Honor, they never made a timely request, and therefore they got an equivalency hearing under 6330 regs. But under the regs in the law, the courts don't have jurisdiction to review a decision. Is there anything more factually that controls the case than they plead that the address, they plead at paragraph one of their complaint that the address is the one that the IRS used at SER 30, and there's no timely request for hearing in response to SER 30? Is that the case? Pretty much, Your Honor, yes, because I would point out there is a motion to strike before the court, and they do provide a notice of lien under 6320. But the problem is they've never raised jurisdiction under 6320. It was always over 6330. And so liens are not at issue at all at this point. In the reply brief, they point to a lien they received, a lien notice, and said they had requested a timely CDP notice based on that. However, as we pointed out, in their complaint, I believe it's paragraph six, they allege jurisdiction under 6330. In our reply to our motion to dismiss in the district court, we point out that only 6330 was raised as an issue and that the liens wouldn't be addressed. We also made that point in our appellate brief before this court that we only addressed 6330 because 6320, which is a lien statute, was never at issue. So, I mean, they're raising the argument for the first time on appeal in their reply brief, so it should be waived, actually, but the deeds themselves should also be stricken because they were never put in the district court's record. Thank you. Are there any questions, Your Honor? Thank you, Kevin. You have a little bit more time. What do you have to say about the admission of these two added documents? Are those the two warranty deeds? Yes. Again, they should be stricken. They were never entered below. They were never before the trial court. In fact, they're somewhat inconsistent with the record below because their arguments have always been before the trial court and in their opening brief before this court that the only relevant transaction was in July 2004 with respect to the transfer from the Gardners themselves as husband and wife to the alleged church. Again, so the deed itself is inconsistent with these prior deeds because they're saying these organizations owned them, but the 2004 deed shows that it was actually the Gardners' husband and wife that made the transfer. That also goes to our determination, the IRS's determination, that it was a nominee, the church was a nominee, and therefore it would not have subject matter jurisdiction. Of course, since that was never an issue, we never pursued the nominee argument, as we noted in our opening brief. Again, it's a waiver argument, and they should be stricken. It was never before the court. Thank you. Thank you. Any other questions? Thank you, Your Honor. Thank you, counsel. Gardner v. Peters is submitted. Yes. Did you want to hear a rebuttal?  I hope. If I could speak to that supplemental record briefly, I think. Those are evidence. The deeds were submitted for two purposes, really. One, again, to show that the physical residence of the party was not, as it's been alleged by the service, which they claim is what they believe was the last known address. But secondly on the issue, the third issue, which was the claim for wrongful levy by Bethel Air Ministries, the church, the fact that they, in fact, their predecessor in title and themselves, in fact, have owned that property in Black Canyon City since 1993. The service claims that the levies were filed in 94 and in 98, although there's no real proof of that, but that's what their equivalency hearing decision letter says, which would have both been after the property was no longer owned by the taxpayers. So our position would be it's pretty clear, based on the public record, those are public record documents that were available on the public record, that the property was not owned by the taxpayer at the time the levies were filed. I guess I'm really worried about whether I take judicial notice of this. I'm worried, number one, whether I should take judicial notice of something that somebody didn't talk to district court about. But secondly, I'm worried because I did not only take judicial notice or not, in order to determine whether to get that judicial notice or not, I decided to look at the record as a whole. And I found in the record that there's a lien search showed me that your clients received the property back in March of 2004 by quick claim deed, or 2003, which they didn't seem to want to put in the public record. It also shows that they allowed a utility easement on the property during this time period. They provided a deed of trust to Farragut Mortgage Company during this time period. They provided a deed of trust to Bank One during this time period. If this is an argument that they had no control of the property, it seems a little frivolous. Because if they can at least give all these interests in the property, it's a little hard to argue they didn't have any control. So when I looked at the public record from which your client only provides me two documents, which seem to add to what they want to do, but I look at the whole of it, I wonder if they're just trying to take fraud on me or what's really going on. Well, no, Your Honor. And again, now we're, I guess, going beyond, well beyond the record. Well, but the problem is that when you get into it, what you're asking me to do, I found quite interesting that it didn't go to their argument at all. In fact, went quite against it. And I, you know, we can explain that. They were, as you noted, there were leaves put on the property. There was a need to obtain funds to build another building for the church on another property. And this was the only way to do that. Well, if they had no control of it, how do they give this? Well, they have. They can't give a mortgage on something or a utility easement or a deed of trust if they have no control of the property. And what you've given me is just to show me they have no control. The two documents you're giving me is just to say that the control wasn't theirs. Therefore, the lien or the control was not the Bethel Arums property. They had the total control. So I just couldn't figure out how come you were giving me half and not a whole. Well, it goes beyond that to the question of, you know, what is the control issue? If you're a member of a board of a religious organization and you have to sign documents in order to do things to borrow money and, you know, transfer properties, is that you have absolute control or are you just, you know, acting in your official capacity? So thank you. Hold on just one second. I may have another question. Do you have an answer to this problem that IRS counsel raised with your case that the complaint pleads that the address is the one that's used on this July 15, 2004 letter? There's no reason to doubt, therefore, that that letter was received and there was no request for hearing within 30 days of that letter? I don't have an answer for why that address is in the complaint because that was not their physical address at the time the complaint was filed. Very responsible for the complaint. I don't have an answer for that. I can tell you the record, the public record is clear and the post office record. So what you're saying is their complaint where they say my address is such and such, their own claim that their address was such and such was wrong and, therefore, a letter sent to that address was sent to the wrong address? At that time, correct. That had been their address at one time, but it was not their address in 2004 or 2005.  Thank you. Gardner v. Peters is submitted.
judges: Kleinfeld, Smith, Mills